946 F.2d 894
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James R. CHAPMAN, Plaintiff-Appellant,
v.
Al C. PARKE, Warden, Dewey Sowders, Michael O'Dea, Loyd
Fletcher, Vert Taylor, Dr. Noe, Houchins, Camacho,
Parkinson, Cooper, R.N., P. Stewart,
R.N., Defendants-Appellees.
 No. 91-5841.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1991.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 James R. Chapman, a pro se Kentucky prisoner, appeals the district court's order granting the defendants' motion for summary judgment in his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Chapman sued eleven employees of the Kentucky Corrections Cabinet in their individual and official capacities. He alleged a violation of his Eighth Amendment rights because defendants demonstrated a deliberate indifference to his serious medical needs when they failed to surgically correct his hemorrhoid problem.
 
 
 3
 A magistrate judge recommended granting the defendants' motion for summary judgment finding that the defendants' actions did not violate Chapman's Eighth Amendment rights. After de novo review in light of Chapman's objections, the district court affirmed and adopted the magistrate judge's report and recommendation. On appeal, Burton continues to argue the merits of his claim. He requests the appointment of counsel and a transcript at the government's expense.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment for the defendants because there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 5
 Chapman's allegation, that the defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights, lacks merit. Prison authorities may be sued for deliberate indifference to the serious medical needs of prisoners under the Eighth Amendment if such indifference constitutes "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prisoner complaining of medical treatment received must establish something more than negligence or ordinary lack of due care. See Whitley v. Albers, 475 U.S. 312, 319 (1986). The medical treatment of Chapman's hemorrhoid problem by the defendants simply does not constitute unnecessary and wanton infliction of pain.
 
 
 6
 Chapman has received ongoing treatment for his hemorrhoid problem at various institutions. On one occasion he was treated at a hospital emergency room at which time a doctor felt elective surgery should be performed. However, the medical director at the Kentucky State Reformatory did not feel surgery was necessary. The record shows that there was a difference of opinion between several doctors regarding the need for surgery versus conservative treatment. Furthermore, the records reflect that Chapman went for long periods of time without needing any medical treatment for his hemorrhoids. At other times, his condition was satisfactorily treated with medication. In early 1990, Chapman once again had a flair-up of his hemorrhoid problem and he was placed on a surgical list. While waiting for surgery, he was treated with medication. On July 25, 1990, Chapman underwent a laser hemorrhoidectomy and the surgical site had completely healed by August 14, 1990.
 
 
 7
 The record shows that several doctors had a difference of opinion regarding Chapman's need for surgery. Chapman had a difference of opinion with various members of the Kentucky Corrections Cabinet's medical staff regarding his need for surgery. However, a difference of opinion regarding treatment or his need for surgery is insufficient to state a claim under the Eighth Amendment. See Estelle, 429 U.S. at 107; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 8
 Plaintiff has no doubt suffered the pain and indignity which hemorrhoids inflict upon the sufferer but his treatment and the medical differences of opinion concerning it are common to all mankind. As a matter of law the undisputed facts show conduct which falls far short of the eighth amendment standard of unnecessary and wanton infliction of pain set forth in Estelle and in the other decisions cited herein.
 
 
 9
 Furthermore, Chapman's allegation that prison officials deliberately transferred him in July 1988 to interfere with prescribed medical treatment also lacks merit. A review of the record shows that Chapman was transferred due to legitimate penological reasons based on his parole eligibility date and security classification and not for the purpose of interfering with his medical treatment.
 
 
 10
 To the extent that Chapman's complaint requested injunctive relief, i.e. hemorrhoid surgery, his claim has been rendered moot because he had surgery on July 25, 1990. See Brock v. International Union U.A.W., 889 F.2d 685, 692-93 (6th Cir.1989). To the extent that Chapman seeks monetary damages against the defendants in their official capacity, they are not subject to suit for monetary damages under 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).
 
 
 11
 Accordingly, the request for counsel and for a transcript at the government's expense is denied and the district court's order of June 28, 1991 is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.